**Gary S. Gray, State Bar No. 66001**
**Timothy M. Thornton, SBN 106413**
**Michelle A. MacDonald, SBN 140225**
**GRAY • DUFFY, LLP**
**15760 Ventura Boulevard, 16th Floor**
**Encino, California 91436**
**Phone (818) 907-4000**

Attorneys for Defendant, BAH CALIFORNIA, INC. erroneously sued and served as BEST AMERICAN HOSPITALITY, INC. dba CHURCH'S CHICKEN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ROCCA,<br><br>          Plaintiff(s),<br><br>     vs.<br><br>BEST AMERICAN HOSPITALITY, INC. dba CHURCH'S CHICKEN; RE ADMIN, LLC,<br><br>          Defendant(s). | Civil No. 2:14-cv-07794-DSF (MANx)<br><br>**ANSWER TO COMPLAINT BY DEFENDANT BAH CALIFORNIA, INC.**<br><br>**DEMAND FOR JURY TRIAL**<br><br>COMPLAINT FILED: October 8, 2014 |

Defendant BAH CALIFORNIA, INC. ("Defendant"), for itself and for no others, answers Michael Rocca's ("Plaintiff') Complaint herein and denies, admits and alleges as follows:

### I. SUMMARY

1. In response to paragraph 1 of the Complaint, Defendant admits that it operates a restaurant at the property located at 4720 Crenshaw Boulevard, Los Angeles, CA 90043. Defendant lacks sufficient information or belief to either admit or deny the remaining allegations, and on that basis, deny each and every remaining allegation.

2. In response to paragraph 2 of the Complaint, Defendant denies the allegations therein.

## II. JURISDICTION

3.   In response to paragraph 3 of the Complaint, Defendant admits jurisdiction but reserves the right to bring a motion for remand to California state court.

4.   In response to paragraph 4 of the Complaint, Defendant admits venue but reserves the right to bring a motion for remand to California state court.

5.   In response to Paragraph 5 of the Complaint, Defendant admits jurisdiction but reserves the right to bring a motion for remand to California state court.

## III. VENUE

6.   In response to paragraph 6 of the Complaint, Defendant admits assignment to Central District.

## IV. PARTIES

7.   In response to paragraph 7 of the Complaint, Defendant admits that it operates a restaurant at the property identified by Plaintiff and consists of a person (or persons), firm and/or corporation.

8.   In response to paragraph 8 of the Complaint, Defendant lacks sufficient information or belief whether Plaintiff qualifies as a person who is "physically" disabled and based thereon, denies the allegations. As to the remaining allegations, Defendant denies them.

## V. FACTS

9.   In response to paragraph 9 of the Complaint, Defendant admits that it operates a restaurant at the property identified by the Plaintiff and portions of it are open and are intended for non-residential use. As to the remaining allegations, Defendant lacks sufficient information and belief, and based thereon, denies them.

///

10. In response to paragraph 10 of the Complaint, Defendant denies the allegations therein.

11. In response to paragraph 11 of the Complaint, Defendant denies the allegations therein.

12. In response to paragraph 12 of the Complaint, Defendant denies the allegations therein.

13. In response to paragraph 13 of the Complaint, Defendant denies each and every allegation. Further, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein.

14. In response to paragraph 14 of the Complaint, Defendant denies each and every allegation. Further, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein.

## VI.  FIRST CLAIM

Americans with Disabilities Act of 1990

<u>Denial of "Full and Equal" Enjoyment and Use</u>

15. Defendant incorporates by reference its answers to the allegations stated in paragraphs 1 through 14, as if copied *in extenso*.

16. In response to paragraph 16 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein.

17. In response to paragraph 17 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein.

///

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

18. In response to paragraph 18 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein.

19. In response to paragraph 19 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein.

20. In response to paragraph 20 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein.

21. In response to paragraph 21 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein.

<u>Failure to Design and Construct an Accessible Facility</u>

22. In response to paragraph 22 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein.

23. In response to paragraph 23 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein.

24. In response to paragraph 24 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a

1 response is deemed to be required, Defendant denies the allegations
2 therein.

Failure to Make an Altered Facility Accessible

25. In response to paragraph 25 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein.

26. In response to paragraph 26 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein.

27. In response to paragraph 27 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein.

Faiure to Modify Existing Policies and Procedures

28. In response to paragraph 28 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein.

29. In response to paragraph 29 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein.

30. In response to paragraph 30 of the Complaint, Defendant denies each and every allegation therein.

31. In response to paragraph 31 of the Complaint, Defendant denies each and every allegation therein.

## VII. SECOND CLAIM

### Disabled Persons Act

32. Defendant incorporates by reference its answers to the allegations stated in paragraphs 1 through 31 as if copied *in extenso*.

33. In response to paragraph 33 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein.

34. In response to paragraph 34 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein.

35. In response to paragraph 35 of the Complaint, Defendant denies each and every allegation therein.

36. In response to paragraph 36 of the Complaint, Defendant denies each and every allegation therein.

37. In response to paragraph 37 of the Complaint, Defendant denies each and every allegation therein.

38. In response to paragraph 38 of the Complaint, Defendant denies each and every allegation therein.

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

39. Defendant incorporates by reference its answers to the allegations stated in paragraphs 1 through 38 as if copied *in extenso*.

40. In response to paragraph 40 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein. Defendant admits that the statute for itself.

1  41. In response to paragraph 41 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein. Defendant admits that the statute speaks for itself.

42. In response to paragraph 42 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein. Defendant admits that the statute speaks for itself.

43. In response to paragraph 43 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein. Defendant admits that the statute speaks for itself.

44. In response to paragraph 44 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein. Defendant admits that the statute speaks for itself.

45. In response to paragraph 45 of the Complaint, Defendant denies each and every allegation.

46. In response to paragraph 46 of the Complaint, Defendant denies each and every allegation.

## IX. FOURTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

47. Defendant incorporates by reference its answers to the allegations stated in paragraphs 1 through 46 as if copied *in extenso*.

48. In response to paragraph 48 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein. Defendant admits that the statute speaks for itself.

49. In response to paragraph 40 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein. Defendant admits that the statute speaks for itself.

50. In response to paragraph 50 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein. Defendant admits that the statute speaks for itself.

51. In response to paragraph 51 of the Complaint, Defendant states that it does not have to respond to recitations of purported law, but to the extent that a response is deemed to be required, Defendant denies the allegations therein. Defendant admits that the statute speaks for itself.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in his Prayer.

## DEFENDANT'S AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

## [FAILURE TO STATE A CLAIM OR CAUSE OF ACTION]

52. Defendant is informed and believes and thereon alleges that the Complaint fails to state sufficient facts to constitute a cause of action against Defendant.

## AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

## [RELEASE]

53. Defendant is informed and believes, and on such information and belief alleges, that any and all liability, costs, causes of action, obligations and/or claims existing by and between Plaintiff and Defendant, whether known or unknown, arising out of or in connection with the claims of injuries and/or

damages alleged in the Complaint, were released and extinguished.

## AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:
## [STATUTE OF LIMITATIONS]

54. Defendant is informed and believes, and on such information and belief alleges, that this Complaint, and each cause of action thereof, is barred by applicable statutes of limitations, including, but not limited to, Ca. Civ. Proc., Sections 335.1, 338 and 343.

## AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:
## [COMPARATIVE NEGLIGENCE]

55. Defendant is informed and believes, and on such information and belief alleges, that if it should be found that Defendant is in any manner legally responsible for injury or damages, if any, sustained by Plaintiff, which supposition is not admitted, but merely stated for the purpose of this affirmative defense, any injuries or damages found to have been incurred or suffered by Plaintiff in this action were proximately caused or contributed to by other parties in this case, whether served or not served, and/or by other persons or entities not parties to this action, and it is necessary that the proportionate degree of negligence or fault or unreasonable conduct of each of said persons or entities, whether parties to this action or not, be determined and prorated and any judgment that might be rendered against Defendant be reduced not only by the degree of comparative negligence found to exist as to Plaintiff, but also as to the total of that degree of negligence, fault and/or unreasonable conduct found to exist as to said other persons or entities.

///

///

///

**AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:**

**[SOLE/COMPARATIVE NEGLIGENCE OF PLAINTIFF]**

56.  Defendant is informed and believes, and on such information and belief alleges, that Plaintiff is barred from any recovery herein on the basis that Plaintiff sown negligence, and/or the negligence of Plaintiff's agents, servants, employees, contractors, attorneys, experts/consultants and/or independent contractors, was the sole and proximate cause of the damages allegedly sustained herein. However, in the event a finding is made that negligence exists on the part of Defendant which proximately contributed to Plaintiffs damages, Plaintiffs amount of recovery, if any, shall be reduced on the basis of Plaintiff s own comparative negligence which contributed to the injuries and/or damages and claims upon which recovery is sought against Defendant.

**AS AND FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE. DEFENDANT ALLEGES:**

**[INTENTIONAL CONDUCT]**

57.  Defendant is informed and believes, and on such information and belief alleges, that the Complaint, and each cause of action therein, is barred by Plaintiff s intentional conduct and/or that of Plaintiffs agents, servants, employees, consultants and/or independent contractors.

**AS AND FOR A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:**

**[NEGLIGENCE OF OTHERS]**

58.  Defendant is informed and believes, and on such information and belief alleges, that the incident, injuries and damages mentioned in the Complaint were proximately caused and/or contributed to by the negligence of the Plaintiff in that Plaintiff did not exercise ordinary care in his own behalf at the time and place alleged. Therefore, said negligence bars recovery by Plaintiff or, in the

alternative, it reduces the right of recovery to Plaintiff by that amount which said negligence contributed to the incident as set forth under the doctrine of comparative negligence.

## AS AND FOR THE EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES: [MITIGATION OF DAMAGES]

59. Defendant is informed and believes, and on such information and belief alleges, that Plaintiff has failed to mitigate its damages.

## AS AND FOR THE NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES: [JUSTIFICATION]

60. Defendant is informed and believes, and on such information and belief alleges, that the conduct of Defendant in regard to the matters alleged in the Complaint was justified and, by reason of the foregoing, Plaintiff is barred from any recovery against Defendant herein.

## AS AND FOR THE TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES: [DOCTRINE OF UNCLEAN HANDS]

61. Defendant is informed and believes, and on such information and belief alleges, that Plaintiff seeks equitable relief from this court, but has itself failed to do equity; therefore, it is barred from relief by the doctrine of unclean hands.

## AS AND FOR THE ELEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES: [LACHES]

62. Defendant is informed and believes, and on such information and belief alleges, that Plaintiff are barred from any recovery against Defendant under the doctrine of laches in that Plaintiff have waited an unreasonable amount of time before filing its Complaint, resulting in substantial prejudicial to Defendant.

## AS AND FOR THE TWELFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:
## [WAIVER]

63. Defendant is informed and believes, and on such information and belief alleges, that the Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, act, omission or any other conduct, if any, as set forth in the Complaint.

## AS AND FOR A THIRTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:
## [ESTOPPEL]

64. Defendant is informed and believes, and on such information and belief alleges, that Plaintiff engaged in conduct and activities with respect to the subject of this litigation, contracts, if any, and incidents which is the subject of the Complaint, and by reason of said activities and conduct is estopped from asserting any claims for damages or seeking any other relief against Defendant.

## AS AND FOR A FOURTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:
## [CONSENT]

65. Defendant is informed and believes, and on such information and belief alleges, that the Plaintiff had full knowledge at the time of events thereon alleged and with full knowledge, Plaintiff consented to said acts and voluntarily invited and assumed same. Plaintiff is therefore barred from any recovery thereon.

## AS AND FOR A FIFTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:
## [NO RELIANCE]

66. Defendant is informed and believes, and on such information and belief alleges, that Defendant did not make any representations, warranties or

guarantees, express, implied or apparent, upon which Plaintiff may rely.

## AS AND FOR A SIXTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:
### [NO PROXIMATE CAUSE]

67. Defendant is informed and believes, and on such information and belief alleges, that any acts or omissions on the part of Defendant did not proximately cause any injuries sustained by Plaintiff.

## AS AND FOR A SEVENTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:
### [CONDUCT OF DEFENDANT NOT A SUBSTANTIAL FACTOR]

68. Defendant is informed and believes, and on such information and belief alleges, that the tortious misconduct alleged in the Complaint as against Defendant, if any, was not a substantial actor in bringing about the alleged injuries to Plaintiff, and was not a substantial factor in bringing about any alleged injuries for which indemnification has been alleged against Defendant. Therefore, any such alleged misconduct was not a contributing cause, but was superseded by tortious misconduct by one or more third parties whose misconduct was an independent, intervening, sole and proximate cause of any alleged injuries or damages suffered.

## AS AND FOR AN EIGHTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:
### [INTERVENING/SUPERSEDING CAUSE]

69. Defendant is informed and believes, and on such information and belief alleges, that the injuries and damages of which Plaintiff complains were proximately caused or contributed to by the acts of other parties, persons, and/or entities, and that said acts were an intervening and superseding cause of the alleged injuries and damages of which Plaintiff complains, thus barring Plaintiff

from any recovery against Defendant.

## AS AND FOR A NINETEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:
## [LACK OF JUSTIFIABLE RELIANCE]

70. Defendant is informed and believes and thereon alleges, that Plaintiff's reliance, if any, on any purported misrepresentations allegedly made by Defendant, was not reasonable nor justified, thus barring or diminishing Plaintiff's recovery under the Complaint as against Defendant.

## AS AND FOR A TWENTIETH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:
## [KNOWLEDGE OR REASON TO KNOW ON PART OF PLAINTIFF]

71. Defendant is informed and believes and thereon alleges that Plaintiff at all times had knowledge of the true facts and circumstances surrounding the matters alleged in the Complaint, or should have known of the true facts and circumstances, thus barring or diminishing Plaintiff's recovery under the Complaint as against Defendant.

## AS AND FOR A TWENTY-FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:
## [FAILURE TO EXERCISE REASONABLE CARE]

72. Defendant is informed and believes and thereon alleges that Plaintiff failed to exercise that degree of reasonable care necessary to protect himself, including those facts known to or within the diligent attention and observation of the Plaintiff, such that Plaintiff is barred in whole or in part in its recovery as against Defendant.

## AS AND FOR A TWENTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:
## [STANDARD OF CARE]

73. At all material times, Defendant exercised that degree of care that a

reasonably prudent person would exercise in like or similar circumstances, such that Plaintiff is barred in his recovery as against Defendant.

## AS AND FOR A TWENTY-THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:
### [RES JUDICATA]

74. Defendant is informed and believes and thereon alleges that acts and omissions complained of in the Complaint are barred by application of the doctrine of res judicata.

## AS AND FOR A TWENTY-FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:
### [COLLATERAL ESTOPPEL]

75. Defendant is informed and believes and thereon alleges that the acts and omissions complained of in the Complaint are barred by application of the doctrine of collateral estoppel.

## AS AND FORA TWENTY-FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:
### [COMPLIANCE WITH STATUTE]

76. Plaintiff's claims are barred because Defendant remedied or is in the process of remedying all readily achievable architectural barriers, removal or alterations required by law.

## AS AND FOR A TWENTY-SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:
### [COMPLIANCE WITH STATUTE]

77. Plaintiffs claims are barred because Defendant remedied or is in the process of remedying any access barrier with reasonable alternative methods of access.

///

///

## AS AND FORA TWENTY-SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:
### [COMPLIANCE WITH STATUTE]

78. The alleged access barriers complained of in the Complaint, if any, are not readily achievable without fundamentally altering the nature of the goods, services and facilities being provided.

## AS AND FOR A TWENTY-EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:
### [COMPLIANCE WITH STATUTE]

79. At all times, Defendant has complied with all statutory obligations imposed by each statute referred to in the Complaint.

## AS AND FOR A TWENTY-NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:
### [NO ACTIONABLE WRONG]

80. There is no actionable wrong arising under 42 USC Section 12101 or any State Civil Rights statutes.

## AS AND FOR A THIRTIETH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:
### [NO STANDING]

81. Plaintiff lacks standing to sue under 42 USC Section 12101 or any State Civil Rights statutes.

## AS AND FOR A THIRTY-FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:
### [FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES]

82. Plaintiff has failed to exhaust his administrative and State remedies prior to bringing his action as required by 42 USC Section 121SS(a) and 42 USC Section 2000(a)-3c ).

///

**AS AND FOR A THIRTY-SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:**

**[INJUNCTIVE RELIEF]**

83. Plaintiff is limited to seeking injunctive relief relating to the specific barriers to access, if any exist, which present an obstacle only to those plaintiffs who have actually attempted to use Defendant's facility and who have been unable to do so.

**AS AND FOR A THIRTY-THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:**

**[NO LESS DISCRIMINATORY ALTERNATIVES]**

84. No less discriminatory alternatives are available.

**AS AND FOR A THIRTY-FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:**

**[UNDUE HARDSHIP]**

85. There is no reasonable accommodation available that would not cause undue hardship to Defendant.

**AS AND FOR A THIRTY-FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:**

**[JUSTIFICATION]**

86. Defendant acted at all times with bona fide, legitimate justification, in that no alternative course of action could have been followed that would have enabled the interests of State or Federal Acts to be served with a less discriminatory impact.

WHEREFORE, Defendant prays that Plaintiff takes nothing by way of his complaint, for attorneys' fees pursuant to statute, for costs of suit, and for such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| DATED: December 11, 2014 | GRAY • DUFFY, LLP |
| | By: /S/ Timothy M. Thornton |
| | TIMOTHY M. THORNTON<br>MICHELLE A. MACDONALD<br>Attorneys for Defendant, BAH CALIFORNIA, INC. |

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial for all claims for which a jury is permitted.

| | |
|---|---|
| DATED: December 11, 2014 | GRAY • DUFFY, LLP |
| | By: /S/ Timothy M. Thornton |
| | TIMOTHY M. THORNTON<br>MICHELLE A. MACDONALD<br>Attorneys for Defendant, BAH CALIFORNIA, INC. |